UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY A. ARRINGTON,

        Plaintiff,

v.

MICHIGAN BELL TELEPHONE COMPANY,

        Defendant.
_____/

Case Number 10-10975
Honorable David M. Lawson

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT**

Contending that her employer, the defendant, misclassified her job as a managerial position to avoid having to pay premium overtime wages, the plaintiff brought suit against defendant Michigan Bell under the Fair Labor Standards Act (FLSA) and the Michigan Minimum Wage Law (MMWL). The statute of limitations in the FLSA is two years (unless the violation is willful), but the statute of limitations in the Michigan law is three years. The defendant has filed a motion to dismiss the count of the complaint based on the MMWL, arguing that by its own terms the statute does not apply to an employer who also is covered by the FLSA, which the defendant undoubtedly is. The plaintiff contends that because a provision of the Michigan law negates the employer's exemption when application of "those federal minimum wage provisions would result in a lower minimum wage than provided in this act," Mich. Comp. Laws § 408.394(1), "application" of the shorter federal statute of limitations would result in a smaller recovery for the plaintiff and therefore an effectively lower minimum wage. Precedent from the state intermediate appellate court is contrary to the plaintiff's position, and this Court believes that the state supreme court would

construe the MMWL the same way. Consequently, the Court finds that the MMWL does not apply to this dispute and the defendant's motion to dismiss count II of the complaint will be granted.

I

The plaintiff brought this action as a putative collective action under the FLSA and a putative class action under the MMWL. She alleges that she has been employed by defendant Michigan Bell Telephone Company since 2001 and was promoted to the position of First Level Manager in 2005. She describes her job duties and alleges that the work she performs should not be considered "exempt" under the FLSA or the MMWL. She contends that the defendant has incorrectly, either willfully or negligently, misclassified her position and thus has failed to compensate her at a premium rate for overtime wages she has accrued as a First Level Manager.

There appears to be little dispute that before 2006, the defendant's obligations under the FLSA and the MMWL were the same. In 2006, Michigan law was amended to increase the minimum hourly wage from $5.15 to $7.40 over a two-year period. That change has no effect on the plaintiff's claim, however, which is based on the overtime provisions of the statutes, not the minimum hourly wage provisions.

The defendant's motion to dismiss the state law claim is based on its reading of the Michigan statutory provisions, which, the defendant argues, exempt it from the MMWL and leave its employees to their remedies under the FLSA. The plaintiff insists that she may pursue a claim under the MMWL because a longer period of limitations would permit a larger recovery, and the Michigan law focuses not only on the hourly rate that must be paid to employees, but also on the total sum that the employer owes its workers. Therefore, the plaintiff reasons, the exception to the MMWL's exemption, quoted above, renders the statute applicable to the defendant here.

II.

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure and allow for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Recently, motions under this rule have become the vehicle to determine whether factual allegations were pleaded in a proper way to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where the facts are plainly set forth in the complaint, and the defendant takes no issue with their sufficiency, however, Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

When a claim is based entirely on state law, the Court must apply the law of the forum state's highest court. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). If the state's highest court has not decided an issue, then "the federal court must ascertain the state law from 'all relevant data.'" *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995) (quoting *Bailey v. V&O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985)). "Relevant data includes the state's intermediate appellate court decisions, as well as the state supreme court's relevant *dicta*, restatements of the law, law review commentaries, and the majority rule among other states." *Ososki v. St. Paul Surplus Lines*, 156 F. Supp. 2d 669, 674 (E.D. Mich. 2001) (quotation marks and citation omitted).

Overtime compensation is governed by both the federal FLSA, 29 U.S.C. § 201 *et seq.*, and the state's MMWL, Mich. Comp. Laws § 408.381 *et seq.* The two statutes largely parallel each other. *See Saginaw Firefighters Ass'n v. City of Saginaw*, 137 Mich. App. 625, 631-32, 357 N.W.2d 908, 911 (1984). The FLSA applies to employers with two or more employees who are engaged in interstate commerce and have an annual gross income of over $500,000. 29 U.S.C. § 203(b), (d), (I), (j), & (s). The MMWL applies to employers who have two or more employees, but it specifically exempts employers who are otherwise covered by the FLSA. *See* Mich. Comp. Laws §§ 408.382-.383 & .394(1). Section 14 of the MMWL expressly states that the law "does not apply to an employer who is subject to the minimum wage provisions of the fair labor standards act of 1938 . . . *unless* those federal minimum wage provisions would result in a lower minimum wage than provided in this act." Mich. Comp. Laws § 408.394(1) (emphasis added). Prior to the 2006 amendments to the MMWL, both statutes required that covered employers pay a minimum wage of $5.15, 29 U.S.C. § 206(a)(1); Mich. Comp. Laws § 408.384(1), and compensate overtime work in excess of 40 hours per week at a rate of one-and-one-half times the regular rate. 29 U.S.C. § 207(a)(1); Mich. Comp. Laws § 408.384a(1).

In October 2006, the Michigan legislature amended the MMWL and increased the minimum wage within the state. Recognizing that this amendment would bring many new employers under the statute only by virtue of the fact that the "federal minimum wage provisions would result in a lower minimum wage than provided in this act," Mich. Comp. Laws § 408.394, the legislature also amended section 14 to add the following language: "Section 4a does not apply" to "an employer who is subject to this act only by application of this subsection [of section 14]." *Id.* § 408.394(1)(a).

Section 4a, Mich. Comp. Laws § 408.384a, governs overtime compensation and requires a time-and-a-half premium.

The amended section 14 retained an additional exemption from the statutory overtime requirements for "[a]n employee employed in a bona fide executive, administrative, or professional capacity," the category contested by the plaintiff in this case. Mich. Comp. Laws § 408.384a(4)(a), (f).

The exemption language plainly states that employers subject to the FLSA are not also subject to the MMWL despite section 14's provision that the exemption does not apply where the "federal minimum wage provisions would result in a lower minimum wage," even in light of the increase in the state minimum wage. The natural reading of the text allows for no other conclusion, and no other statutory interpretation is necessary. *See Lockhart v. Napolitano*, 573 F.3d 251, 255 (6th Cir. 2009) (stating that courts apply the three-step approach established by the Supreme Court when interpreting a statute: "first, a natural reading of the full text; second, the common-law meaning of the statutory terms; and finally, consideration of the statutory and legislative history for guidance" (citing *United States v. Wells*, 519 U.S. 482, 490-92 (1997))); *see also Elgharib v. Napolitano*, 600 F.3d 597, 601 (6th Cir. 2010) (reiterating this standard). Nonetheless, other sources confirm the meaning of the statute noted above. Legislative analyses prepared in conjunction with the 2006 amendments confirm that the amendments to section 14 were intended to "exempt from the Law's overtime compensation requirements an employer who otherwise would be subject to the Law only because the State's minimum wage exceeds the federal minimum wage." Joe Carrasco et al., Michigan Senate Fiscal Agency, S0506\2318es, Bill Analysis – S.B. 318, 453, & 1364 and H.B. 6213: Enrolled Summary (Apr. 4, 2007), at 1, 2; Steve Angelotti et al., Michigan Senate Fiscal

Agency, S0506\s6213sa, Bill Analysis – H.B. 6213: Floor Analysis (Jun. 27, 2006), at 1; Steve Angelotti et al., Michigan Senate Fiscal Agency, S0506/s6213sa, Bill Analysis – H.B. 6213: Committee Summary (Jun. 26, 2006), at 1; Chris Couch & Jim Stansell, Michigan House Fiscal Agency, Legislative Analysis – Minimum Wage: Overtime Exemptions, House Bill 6213 (Jun. 19, 2006), at 1. Secondary sources analyzing the amendments support this interpretation as well. In *Employment Litigation in Michigan*, the authors write that following the increase in minimum wage, "there was a concern that more employees would be eligible for overtime under the state law. Later amendments to MCL 408.394, under 2006 PA 373, provide that the state's overtime provisions do not apply to employees who would be eligible for overtime only because of the minimum wage difference." David B. Calzone et al., *Employment Litigation In Michigan* § 9.49, p. 9-26 (Institute of Continuing Legal Education, 2d ed. 2003, 2010 update).

The plaintiff's argument that the MMWL applies in her case is based on a slightly different application of the exception language of section 14 and the interplay with the different periods of limitation in the MMWL and the FSLA. She contends that when applying that language, the court must look at the total potential recovery for premium overtime wages against an employer rather than focusing on the hourly wage itself. She reasons that application of the FLSA's two year statute of limitations for non-wilful violations will "result in a lower minimum wage than provided in" the MMWL. Mich. Comp. Laws § 408.394(1). Therefore, she says, the exemption in section 14 does not apply to the defendant, and the MMWL governs.

The plaintiff's argument finds support in *Zimmer v. Bergstrom, Quinn & Oole*, No. 88-506, 1989 WL 223111, at *3 (W.D. Mich. Oct. 16, 1989), in which the court, without much analysis of the statutory language, stated that "MWL is concerned with more than just the determination of the

hourly rate to be paid to an employee; its scope encompasses the total sum which may be owing to an employee." *Ibid.* (emphasis omitted). The court reasoned that "because the statute of limitations would allow plaintiff to bring her entire employment period within the scope of her complaint, application of the MWL does result in a higher 'minimum wage' as defined by the MWL." *Ibid.* The court concluded that the employer in that case was subject to the MMWL.

The Michigan Court of Appeals did not adopt *Zimmer*'s approach and rejected the argument plaintiff makes here in *Allen v. MGM Grand Detroit, LLC*, 260 Mich. App. 90, 675 N.W.2d 907 (2003). The court parsed section 14 and noted that the exception to the exemption made reference to "those federal minimum wage provisions" in the FLSA when establishing the comparator for determining if the federal minimum wage would be lower than under the Michigan law. "[T]*hose* . . . provisions," the court determined, referred only to the sections of the federal Act listed in the Michigan statute, that is 29 U.S.C. §§ 201 to 216 and 217 to 219. *Id.* at 96. The court then determined that "the FLSA statute of limitations, 29 U.S.C. 255, is not an FLSA 'minimum wage provision' as defined under MCL 408.394. Therefore, application of the federal limitations period cannot result in 'a lower minimum wage' than that provided by the MWL." *Id.* at 91, 675 N.W.2d at 908. Ultimately, the court held that "29 U.S.C. § 255 is not one of *those* federal minimum wage provisions expressly identified by the Michigan Legislature that should be applied to determine whether the FLSA results in a lower minimum wage than that provided by the MWL. Therefore, the FLSA statute of limitations is irrelevant to whether the MWL is applicable . . . ." *Id.* at 96-97, 675 N.W.2d at 910.

This Court believes that the Michigan Supreme Court likely would follow the reasoning of *Allen* over the rationale set out in *Zimmer*. There are several reasons for this. First, *Allen* is based

-7-

on the actual text of section 14. That section makes reference to federal statues that establish rules for payment of wages for work performed. The statute of limitations, which is a claim processing rule, is not listed among them. *Allen*, therefore, applies section 14 as written. Second, the rationale set forth in *Zimmer* confounds the idea of a minimum wage with civil actions brought to enforce payment of that wage. The right to the wage is a creature of statute — state or federal, as the case may be. The right to recover under that statute depends on the timeliness of the litigant's lawsuit, which has no effect on the *amount* of the hourly or weekly wage, but rather on how far back the right may be enforced. Third, *Allen*'s reasoning was adopted and applied in *Allison v. Pepsi Bottling Group, Inc.*, No. 03-244, 2004 WL 3926015 (W.D. Mich. June 28, 2004), a case in which the court found that the MMWL governed because a statute specifically listed in section 14 resulted in a lower federal minimum wage. *Allison* was decided by *Zimmer*'s author. Other federal courts have followed that reasoning as well. *See Pacheco v. Boar's Head Provisions Co., Inc.*, No. 09-298, 2010 WL 1323785, at *3-*4 (W.D. Mich. Mar. 30, 2010); *Morrison v. Staples, Inc.*, No. 08-616, 2008 WL 4911156, at *3 (D. Conn. Nov. 13, 2008). Finally, *Allen* does no violence to the state legislature's intent. As the *Allen* court interpreted the state statute, employees in Michigan covered by both the FLSA and the MMWL have a substantive right to the higher of the two possible minimum wages, which they can enforce with equal measure, provided their lawsuits are timely.

This Court holds, therefore, that the exemption found in section 14 of the MMWL applies to the defendant in this case because it also is subject to the FLSA, and no exception suspends the application of that exemption. Consequently, the plaintiff has not stated a claim under the MMWL for which relief can be granted.

III.

Because the MMWL does not apply to the defendant's employment of the plaintiff, the plaintiff cannot maintain an action thereunder, and the defendant is entitled to a dismissal of count II of the complaint as a matter of law.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt #10] is **GRANTED**.

It is further **ORDERED** that count II of the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 29, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2010.

s/Teresa Scott-Feijoo  
TERESA SCOTT-FEIJOO