UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY A. ARRINGTON, DENNIS J. NAGY,
DARRIN T. TUCKER, LACRACHA RANDAL,
and SONEQUA DANIELS,

        Plaintiffs,        Case Number 10-10975
                                                      Honorable David M. Lawson

v.

MICHIGAN BELL TELEPHONE COMPANY,

        Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT ON DAMAGE CALCULATIONS

The plaintiffs have brought suit against their employer, Michigan Bell Telephone Company. They challenge the defendant's practice of improperly classifying certain categories of employees as exempt from overtime pay and thus failing to pay these wages as required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Presently before the Court is the defendant's motion *in limine* to exclude evidence and argument regarding damages calculations based on an overtime premium rate other than one-half the plaintiffs' regular rate of pay. The Court has reviewed the motion papers and heard oral argument in open court on April 16, 2012. For the reasons discussed below, the Court will deny the defendant's motion without prejudice.

The plaintiffs are current and former employees of the defendant, Michigan Bell Telephone Company. The plaintiffs were employed as First Level Managers and were classified as exempt from overtime wages under the Fair Labor Standards Act (FLSA). The plaintiffs allege that their workweeks routinely exceeded forty hours, but that they were not paid overtime for hours worked over forty. The plaintiffs contend that they were mis-classified as exempt and therefore are entitled

to overtime wages for all hours worked over forty each week. The defendant argues that the plaintiffs were correctly classified and therefore are not entitled to overtime pay.

It its motion, the defendant seeks to prevent the plaintiffs from arguing that their salary was intended to compensate them for only forty hours of work, and therefore they should receive 150% of their hourly rate for all hours worked over 40 in any week. The defendant argues that the plaintiffs' salary compensated the plaintiffs for the straight-time component of all hours worked, and that therefore they are only entitled to an overtime premium of 50% of their regular rate of pay. Therefore, the defendant argues, the proper calculation of damages involves dividing the plaintiffs' salary for a particular week by the number of hours of work and applying a 50% premium to all hours worked beyond forty. The plaintiffs argue that the method proposed by the defendant for calculating damages is not proper in the context of a misclassification case and there was no clear and mutual understanding that the plaintiffs' salaries were intended to compensate them for all hours worked in a week.

Under the FLSA, the maximum regular workweek for nonexempt employees is forty hours, and nonexempt employees are entitled to overtime pay for hours worked beyond that number "at a rate not less than one and one-half times the regular rate" of pay. 29 U.S.C. § 207(a). The "regular rate," therefore, is the "keystone" in determining "the amount of overtime payments necessary to effectuate the statutory purpose." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). In *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572 (1942), the Supreme Court held that for the purposes of the overtime provisions of the FLSA, "[w]here the employment contract is for a weekly wage with variable or fluctuating hours," the regular rate of pay is calculated by dividing the weekly wage by the number of hours worked in a particular week. *Missel*, 316 U.S.

at 580. The Court found that the rate is "regular in the statutory sense inasmuch as the rate per hour does not vary for the entire week, though week by week the regular rate varies with the number of hours worked." *Ibid*. The Court cited *Bumpus v. Continental Baking Co.*, 124 F.2d 549, 552 (6th Cir. 1941), in which the Sixth Circuit approved the fluctuating workweek method of overtime calculation and found that "[f]or each overtime hour for which appellant received his regular rate he is entitled only to additional half-time pay." *Bumpus*, 124 F.2d at 553.

The plaintiffs acknowledge the holding in *Missel*, but argue that the method there described is not applicable in a misclassification case. There is no Sixth Circuit precedent controlling the calculation of damages in FLSA misclassification cases. However, every circuit court to consider the issue has found the fluctuating workweek method described in *Missel* and proposed by the defendant (that is, dividing the weekly salary by all hours worked in a given week to find the base rate and then awarding 50% of the base rate for all hours worked over forty) applicable in the misclassification context. *See Desmond v. PNGI Charles Town Gaming*, 630 F.3d 351 (4th Cir. 2011); *Urnikis-Negro v. American Family Prop. Servs.*, 616 F.3d 665 (7th Cir. 2010); *Clements v. Serco, Inc.,* 530 F.3d 1224 (10th Cir. 2008); *Valerio v. Putnam Assocs.,* 173 F.3d 35 (1st Cir. 1999); *Blackmon v. Brookshire Grocery Co.,* 835 F.2d 1135 (5th Cir.1988).

However, courts discussing this issue also have acknowledged that "[t]he employee's regular rate of pay is a factual matter." *Urnikis-Negro*, 616 F.3d at 680. "[W]here the employer and the employee have *in fact* agreed that a fixed weekly salary will constitute payment at the regular rate for any and all hours worked . . . there is no factual basis for deeming the salary to constitute straight-time compensation for 40 hours alone." *Ibid*. (emphasis added). District courts employing the fluctuating workweek method of calculating "straight time" have predicated that procedure on

a factual finding "that there was an agreement that the fixed weekly salary covered all hours worked." *Desmond*, 630 F.3d at 356. Most often, that determination has been made in the context of a motion for summary judgment or at the conclusion of a bench trial. *See, e.g., Ransom v. M. Patel Enters. Inc.*, 825 F. Supp. 2d 799 (W.D. Tex. 2011) (denying a motion for summary judgment on damages calculation and noting that "[d]etermining the proper overtime calculation method is a fact-dependent inquiry"); *Ahle v. Veracity Research Co.*, 738 F. Supp. 2d 896, 918 (D. Minn. 2010); *Fenton v. Farmers Ins. Exchange*, 663 F. Supp. 2d 718, 729 (D. Minn. 2009); *Urnikis-Negro v. American Family Property Services, Inc.*, No. 06 C 6014, 2008 WL 5539823 (N.D. Ill. July 21, 2008); *Desmond v. PNGI Charles Town Gaming, LLC*, 661 F. Supp. 2d 573 (N.D. W.Va. 2009).

The defendant seeks to exclude evidence and argument on the appropriate method of calculating damages. A motion *in limine* is not an appropriate vehicle with which to seek a ruling on a fact-dependant issue such as this. "Normally, motions *in limine* are not proper devices for the wholesale disposition of theories or defenses." *SPX Corp. v. Bartec USA*, No. 06-14888, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008) (citing *Figgins v. Advance Am.*, 482 F. Supp. 2d 861, 870-71 (E.D. Mich. 2007)). Instead, such arguments should be raised in a motion for summary judgment and should be decided based on the evidence in the record. *See id.* at *8. The deadline for filing dispositive motions in this case was December 14, 2011. This motion *in limine* was not filed until March 23, 2012. The defendants did file a motion for summary judgment, but their argument as to the calculation of damages, as reflected here, was not included in that motion. Because the defendant's motion was filed after the dispositive motion deadline and because the determination of the appropriate method for calculating damages requires a factual finding that the Court is not presently in a position to make, the Court will deny the defendant's motion without

-4-

prejudice. The Court will determine the appropriate method for calculating damages in consideration of the facts presented at trial.

Accordingly, it is **ORDERED** that the defendant's motion *in limine* to exclude evidence and argument on damages calculations based on an overtime premium rate other than one-half the regular rate of pay [dkt. #103] is **DENIED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 15, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 15, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---