UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY A. ARRINGTON, DENNIS J. NAGY,
DARRIN T. TUCKER, LACRACHA RANDAL,
SONEQUA DANIELS, and DANIEL BLUE,

        Plaintiffs,                Case Number 10-10975
                                                         Honorable David M. Lawson
v.

MICHIGAN BELL TELEPHONE COMPANY,

        Defendant.
_____/

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT**

The plaintiffs in this case have brought an action under the Fair Labor Standards Act (FLSA) alleging that they were misclassifed as exempt employees and denied overtime compensation to which they were entitled. In addition, plaintiff Arrington brings a claim for retaliatory discharge under the FLSA. Presently before the Court is the parties' joint motion for approval of the settlement reached by the parties in this case.

Court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). "Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by employees under the FLSA, is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *Ibid.*; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946). Therefore, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may

enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353. If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

The cases generally do not prescribe a process for district courts to determine whether a proposed settlement is fair and reasonable. However, there is a body of law in the analogous area of class action settlements that providers guidance. *See* Fed. R. Civ. P. 23(e)(2). When determining whether a settlement agreement satisfies Rule 23, courts consider these factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 349 (6th Cir. 2009) (quoting *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). A court applying these factors must do so in the context of the actual settlement. *In re SFBC Intern. Inc.*, 310 F. App'x 556, 557-58 (3d Cir. 2009) ("To permit meaningful appellate review, the District Court must explain on the record its reasons for approving the settlement."); *see also In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 217 (5th Cir. 1981) (outlining a three-step process for determining whether a settlement is "fair, reasonable, and adequate" and requiring a court to "explain why it is either approving or disapproving the settlement"). A court's approval in mere conclusory terms does not satisfy that standard. *See Houbigant, Inc. v. Federal Ins. Co.*, 374 F.3d 192, 205 (3d Cir. 2004) (holding that a court's "mere[] voic[ing of] the words 'fair' and 'reasonable,' but fail[ing] to state any specific basis for such a finding . . . does [not] afford us a basis of review").

In this case, the parties have provided the Court with copies of the settlement agreements but have not filed them on the docket. Generally, the settlement consists of two separate agreements. In the settlement agreement disposing of plaintiff Daniels' claim, plaintiff Daniels agrees to terminate her employment with the defendant effective November 30, 2012, to release all claims against the defendant, and to withdraw or dismiss her claim in the present case. In addition, plaintiff Daniels acknowledges that she will no longer be eligible to participate in any compensation or benefit plans offered by the defendant, with the exception of COBRA continuation coverage, any unused vacation days, and any vested retirement benefits. In return, the defendant will pay plaintiff Daniels $47,250 in two separate checks representing the settlement of her claims for wages and liquidated damages and will pay plaintiff's counsel $41,400 for attorney's fees and expenses. The settlement agreement also contains a confidentiality provision with liquidated damages of $5,000 for each violation.

The second settlement agreement disposes of the claims of plaintiffs Arrington, Nagy, Randal, and Tucker. Plaintiffs Arrington, Nagy, and Randall agree to release all of their claims against the defendant; plaintiff Tucker agrees to release all wage and hour related claims against the defendant. The plaintiffs also agree to withdraw or dismiss their claims in the present case. The settlement agreement provides that the defendant will pay plaintiff Arrington $250,000 and will pay plaintiffs Nagy, Randal, and Tucker $30,000 each; the payments to the plaintiffs will be made in two separate checks representing the settlement of their claims for wages and for liquidated damages. The settlement agreement also provides for a payment of $303,600 to plaintiff's counsel for attorney's fees and expenses. Finally, the settlement agreement contains a confidentiality provision with liquidated damages of $5,000 for each violation.

The Court finds that these settlements are fair and reasonable. There are bona fide disputes over FLSA provisions, including FLSA coverage and the amount of back pay; the settlement is a fair and reasonable resolution of those bona fide disputes. The case has been litigated vigorously and the plaintiffs themselves have been actively involved in the litigation and settlement negotiations. Each side has carefully staked out its respective position. The amounts to be paid represent a reasonable compromise. They represent substantial sums for each of the individual plaintiffs, compelling the conclusion that the risk of collusion is nil. The case is complex and the discussions that have led to the eve of trial demonstrate that the proofs could be complicated and prolonged. Discovery has been extensive. The downside risk for each side is substantial, and the motivation to eliminate the uncertainty of an adverse judgment is high. The lawyers for each side have advised their clients well, and each side has made concessions in an effort to mitigate the risks of trial. The Court notes that this case was not certified as a collective action, and therefore the settlement is binding only on the named plaintiffs. The Court is inclined to approve the settlement because the individual plaintiffs themselves have concluded that the settlement is in their best interests. The Court also notes that the settlement agreement does not allocate any funds to resolve plaintiff Arrington's retaliation claim. However, that does not affect the Court's view of the settlement agreement, as Court supervision is not required to settle FLSA retaliation claims. *See D.A. Schulte, Inc.*, 328 U.S. at 110, 113 n. 8. Finally, the Court finds that the proposed payments for attorney's fees and costs contained in the settlement agreements are reasonable when considering the time and effort expended in this complex action.

The Court will grant the parties' joint motion to approve the settlement. However, the Court also will require the parties to present a stipulated judgment that reflects the terms of the settlement

agreement, as is required under the FLSA. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *D.A. Schulte, Inc.*, 328 U.S. at 113 n. 8.

Accordingly, it is **ORDERED** that the parties' joint motion for approval of settlement [dkt. #131] is **GRANTED**.

It is further **ORDERED** that the parties shall present the Court with a stipulated judgment reflecting the terms of the settlement agreements **on or before November 8, 2012**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 2, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 2, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL